trial was conflicting, the plaintiffs saying that they charged the firm of McNamara Bros., billed their goods to that firm, and receipted bills in the same way, without objection or remonstrance. It is in evidence that a wagon which called for goods for the Third avenue store bore the sign "McNamara Bros.," and that there was a sign upon the glass window in the store front. There was another store at 741 Second avenue, and both of the defendants had had dealings with the plaintiffs, and all receipts for payments made by both of the defendants were given in the name of McNamara Bros. The defendants testified that there was no co-partnership between them. The charge of the trial judge was as follows: "Were the defendants co-partners? If they were, that settles it. If they were not co-partners, yet if the defendant Matthew McNamara held himself out or permitted himself to be held out as a partner of Patrick McNamara, and plaintiff relied upon such holding out, in that event he would be liable for the debt." This was eminently fair to both parties and both defendants. The question was a disputed question of fact, and it was clearly one for the jury to determine, and a court on appeal will not disturb such a finding unless when passion, prejudice, or other improper motive is apparent. The jury may judge of the amount of credibility to be given to a witness from his appearance upon the stand and his manner of testifying, as well as from any other circumstance, and we may not look into the motives which, in the minds of the jury, were sufficient to establish the fact that there was enough to warrant them in reaching a conclusion upon the disputed questions which were their right to determine. The court before whom the case was tried had also the better opportunity of the weight to be given to the evidence adduced, and refused to dismiss the complaint or set aside the verdict.

The determination in the plaintiffs' favor we are not disposed to disturb, and the judgment and order appealed from must be affirmed, with costs.

O'DWYER, J., concurs.

(25 Misc. Rep. 320.)

### QUON KEE v. HIP SING TONG SOC.

(City Court of New York, General Term. November 18, 1898.)

LIENS ON CHATTELS—FORECLOSURE—WARRANT OF SEIZURE—DISCHARGE.
     Code Civ. Proc. § 1738, relating to foreclosure of liens on chattels, provides that, if plaintiff is not in possession, a warrant may be issued to the sheriff to seize the chattel, and keep it to abide final judgment, and makes the provisions of the Code relative to attachment applicable. Section 687, relating to attachment, provides that defendant may at any time after he has appeared, and before final judgment, apply for an order to discharge the attachment. *Held*, that defendant in such a foreclosure is entitled to an order discharging the warrant, on giving an undertaking.

Appeal from special term.

Action by Quon Kee against the Hip Sing Tong Society. The special term made an order fixing the amount of an undertaking to be

given by defendant, and discharging a warrant issued therein, and plaintiff appeals.   Affirmed.

Argued before FITZSIMONS, C. J., and O'DWYER, J.

J. P. Solomon, for appellant.
La Fetra & Glase, for respondent.

O'DWYER, J.   This is an action brought to foreclose an alleged lien on certain property of the defendant corporation.   A warrant was issued ex parte to the sheriff to seize the chattels, and a levy was made, and the chattels taken into the possession ·of the sheriff. Thereafter an ex parte application was made by the defendant to the court for an order fixing the amount of the undertaking to be given on discharge of the levy, and an order was made fixing the amount at $200.   The undertaking in that amount, on behalf of defendant, was forthwith filed, and served, with notice, on plaintiff's attorney. Notice of exception to the undertaking was served, and the sureties duly justified before the court.   Upon the justification objection was also raised to the sufficiency of the appraisal of the goods seized, and it was stipulated in open court that the plaintiff and defendant should each appoint an appraiser, which was thereupon done, who should proceed to appraise the goods as found in the possession of the sheriff, and that each side should report the following morning, at the opening of the court.   Defendant attended at the appraisement made on its behalf, but plaintiff defaulted with his, although appearing by counsel; whereupon, after hearing full argument on the legal points involved, the court approved of the form of the undertaking and the sufficiency .of the sureties, and entered an order denying the ex parte motion to vacate the order discharging the warrant, and directing the amount of the undertaking to remain as therein fixed.

It is urged by the appellant that the appeal involves three questions:   First, the right of the defendant to discharge said warrant at all; second, whether the amount of the undertaking is sufficient; and, lastly, whether the form of the undertaking is the proper one, in the circumstances.

The appeal from the order of November 12th, denying the motion to vacate the order discharging the warrant, and directing the amount of the undertaking to remain as therein fixed, has been dismissed on the argument.   That dismissal disposes of the grounds advanced in the second and third propositions, and the only question before us now for decision is the right of the defendant to have the warrant discharged.

Actions to foreclose a lien on a chattel are regulated by sections 1737 to 1741, inclusive, of the Code, and in section 1738 it is provided that:

"Where the action is brought in the supreme court, the city court of the city of New York, or a county court, if the plaintiff is not in possession of the chattel, a warrant may be granted by the court or a judge thereof commanding the sheriff to seize the chattel and safely keep it to abide the final judgment in the action.   The provisions of title third of chapter seven of

this act apply to a warrant, and to the proceedings to procure it, and after it has been issued, as if it was a warrant of attachment, except as otherwise expressly prescribed in this article."

The sections thereby made applicable as to all subsequent procedure include:

"Sec. 687. Defendant may Apply for Discharge of Attachment. The defendant may, at any time after he has appeared in the action, and before final judgment, apply to the judge who granted the warrant, or to the court, for an order to discharge the attachment, as to the whole or a part of the property attached."

The provision contained in section 1738, requiring the sheriff to safely keep the chattel to abide the final judgment in the action, is qualified, in the very next sentence, by making the provisions of the Code relative to attachments applicable.

It follows that the order appealed from should be affirmed, with costs.

FITZSIMONS, C. J., concurs.